UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINNY FOSTER<br>7706 Carlisle Road<br>Wellsville, PA 17365 | JURY DEMANDED |
| Plaintiff, | |
| v. | No. |
| GIANT FOOD STORES, INC.<br>255 Cumberland Parkway<br>Mechanicsburg, PA 17055 | |
| And | |
| GIANT FOOD STORES, INC.<br>1149 Harrisburg Pike<br>Carlisle, PA 17013 | |
| Defendants | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, GINNY FOSTER (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, GIANT FOOD STORES, INC. (hereinafter "Giant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3. Defendant, GIANT FOOD STORES, INC. (hereinafter "GFS") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address.

4. At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

5. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8. Plaintiff has exhausted her administrative remedies prior to bringing this civil rights claim. [Exh. A.]

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

10. On or about July 1, 2015, Defendant hired Plaintiff as a store associate.

11. At all times material hereto, Plaintiff is diagnosed with PTSD arising from an incident of domestic violence where she was strangled and nearly killed by a former domestic partner.

12. In May of 2020, in response to the Covid-19 pandemic, Defendant instructed its store associates to wear face masks.

13. As a result of Plaintiff's history and diagnosed anxiety disorder and PTSD, wearing a mask which covers her face and nose triggers her post-traumatic stress.

14. However, as an alternative protective measure against COVID-19, Plaintiff is able to wear a face shield with a scarf to cover the bottom of the shield.

15. In light of this situation, Plaintiff presented a note from her physician to Defendant's overnight lead, Chris Fisher, explaining her need to wear a face shield as opposed to a face mask.

16. Mr. Fisher initially allowed Plaintiff to work utilizing the face shield.

17. In or around July of 2020, one of Defendant's employees tested positive for COVID-19.

18. Following this, Defendant's manager, Chris Carlson, told Plaintiff she was no longer allowed to work without wearing a face mask.

19. Plaintiff attempted to explain to Defendant the reason she required a face shield rather than a face mask; however, Defendant's Human Resources representative, Tracy Pore, told Plaintiff she "didn't want to hear it."

20. Plaintiff was told she would have to take an unpaid leave of absence and was not allowed to return to work unless she wears a face mask.

21. Plaintiff obtained another note from her physician regarding her disability and her requested accommodation of being allowed to wear a face shield.

22. Plaintiff supplied this note directly to Defendant's human resources department.

23. Plaintiff attempted to follow up with human resources multiple times with no response.

24. On or about August 29, 2020, Plaintiff became aware that her leave request had been closed out in Defendants' system, constructively terminating her employment.

25. Defendant failed to reasonably accommodate Plaintiff's disability.

26. Defendant failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

27. At all times material hereto, Defendant was hostile to Plaintiff's diagnosed medical condition, and terminated her as a result of that animus.

28. As a direct and proximate result of Defendant's conduct in constructively terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I– AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**
**(Plaintiff v. Defendants)**

29. Plaintiff incorporates paragraphs 1-28 as if fully set forth at length herein.

30. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

31. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

32. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. At all times material hereto, Plaintiff had a qualified disability, as described above.

34. Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

35. Defendant's conduct in constructively terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

36. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

37. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

39. Plaintiff incorporates paragraphs 1-38 as if fully set forth at length herein.

40. As set forth above, Plaintiff is a member of a protected class.

41. Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

42. Defendant constructively terminated Plaintiff's employment.

43. As set forth above, a motivating factor in the decision to constructively terminate Plaintiff's employment is Plaintiff's disability.

44. As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

45. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

46. Plaintiff demands attorneys' fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff, GINNY FOSTER demands judgment in her favor and against Defendant, GIANT FOOD STORES, INC. in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

    F.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
    **GRAHAM F. BAIRD, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102

    Attorney for Plaintiff, Ginny Foster

Date: 7/29/2021